No. 14-1329

# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

DUSTIN LEE HONKEN,

Petitioner-Appellant,

vs.

UNITED STATES OF AMERICA,

Respondent-Appellee.

*Appeal from the United States District Court*
*For the Northern District of Iowa*
*Honorable Linda R. Reade, Chief Judge*

# RESPONSE OF THE UNITED STATES TO PETITIONER'S PETITION FOR PANEL REHEARING AND FOR REHEARING EN BANC

C.J. WILLIAMS
Assistant United States Attorney
Northern District of Iowa
111 Seventh Avenue SE, Box 1
Cedar Rapids, IA  52401
(319) 363-6333
(319) 363-1990 (fax)
cjwilliams@usdoj.gov

Appellate Case: 14-1329     Page: 1     Date Filed: 06/30/2014 Entry ID: 4170307

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ........................................................................ii

TABLE OF AUTHORITIES................................................................ iii

STANDARD FOR DECISION .............................................................1

STANDARD FOR A CERTIFICATE OF APPEALABILITY ..................2

STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL.........3

ARGUMENT ....................................................................................3

Rehearing Should Not Be Granted Because the Panel Decision Denying a Certificate of Appealability Does Not Conflict With Other Decisions of this Court and the Denial Does Not Involve a Question of Exceptional Importance; Petitioner Has Not Made a Substantial Showing that Reasonable Jurists Could Debate Whether His Trial Counsel were Constitutionally Ineffective for Failing to Raise a Novel Collateral Estoppel Argument in His Capital Case .......................3

    A.    The Prior Drug Conspiracy Litigation...........................4

    B.    The Capital Litigation ................................................5

    C.    A Judge's Sentencing Findings Cannot Collaterally Estop the Government From Prosecuting a Defendant on Different Charges ............7

    D.    Trial Counsel Were Not Ineffective For Failing to Raise a Novel Collateral Estoppel Argument .............14

CONCLUSION ..............................................................................15

CERTIFICATE OF FILING AND SERVICE .......................................17

Appellate Case: 14-1329    Page: 2    Date Filed: 06/30/2014 Entry ID: 4170307

# TABLE OF AUTHORITIES

**Cases** **Page**

**Federal Cases**

*Allstate Ins. Co. v. Blount*, 491 F.3d 903 (8th Cir. 2007).........................11

*Apprendi v. New Jersey*, 530 U.S. 466 (2000) .........................................13

*Ashe v. Swenson*, 397 U.S. 436 (1970) ......................................................8

*Barefoot v. Estelle*, 463 U.S. 880 (1983) ...................................................2

*Charles v. Hickman*, 228 F.3d 981 (9th Cir. 2000) ...................................2

*Dansby v. Hobbs*, 691 F.3d 934 (8th Cir. 2012) ........................................2

*Liberty Mut. Ins. Co. v. FAG Bearings Corp.*, 335 F.3d 752
  (8th Cir. 2003) ..........................................................................................9

*Nesbitt v. Hopkins*, 86 F.3d 118 (8th Cir. 1996) ..................................8, 9

*Pinkney v. Keane*, 920 F.2d 1090 (2d Cir. 1990) ......................................9

*Ragland v. United States*, --- F.3d ----, 2014 WL 2808130
  (8th Cir. Jun 23, 2014).............................................................................15

*Randolph v. Kemna*, 276 F.3d 401 (8th Cir. 2002)....................................2

*Ring v. Arizona*, 536 U.S. 584 (2002).......................................................13

*Standefer v. United States*, 447 U.S. 10 (1980) .........................................9

*Strickland v. Washington*, 466 U.S. 668 (1984).........................................3

*Teleconnect Co. v. Ensrud*, 55 F.3d 357 (8th Cir. 1995) .........................11

Appellate Case: 14-1329     Page: 3     Date Filed: 06/30/2014 Entry ID: 4170307

*United States v. Cole,* 293 F.3d 153 (4th Cir. 2002) ............................ 14

*United States v. McManaman,* 673 F.3d 841 (8th Cir. 2012)................. 10

*United States v. Oppenheimer,* 242 U.S. 85, (1916)................................. 8

*United States v. Real Property,* no. 04-cv-5885, 2009 WL 806120, at \*2
    (N.D. Ill., Mar. 25, 2009) (unpublished).............................................. 10

*United States v. U.S. Currency in the Amount of $119,984.00,* 304 F.3d
    165 (2d Cir. 2002)................................................................................. 10

## Federal Statutes

28 U.S.C. § 2253(c)(2) .............................................................................. 2

## Federal Rules

Fed. R. App. P. 35(a)................................................................................. 1

Appellate Case: 14-1329    Page: 4    Date Filed: 06/30/2014 Entry ID: 4170307

# STANDARD FOR DECISION

Petitioner seeks panel rehearing and rehearing *en banc* of the denial of a certificate of appealability ("COA"). Rehearing *en banc* is not favored and ordinarily is not granted unless (1) separate panels reach different results on an important issue, and it is therefore "necessary to secure or maintain uniformity of the court's decisions" or (2) the matter "involves a question of exceptional importance." Fed. R. App. P. 35(a).

Although petitioner cites the standard, claiming this case "presents a question of exceptional importance regarding whether this Circuit's decisions granting and denying COA are uniform and faithful to Supreme Court precedent" (P 1),[1] he does not address the standard. The panel's decision is not inconsistent with any other panel decisions regarding COAs and petitioner cites no other decisions. Moreover, the

---

[1] "96DCD" refers to the docket in case no. 96-cr-3004-MWB, while "01DCD" refers to the docket in case no. 01-cr-3047-MWB, and each reference is followed by the docket entry number. "S. Tr." refers to the transcript of the 1997-1998 sentencing hearing in case no. 96-cr-3004-MWB; "T. Tr." refers to the transcript of the capital trial which took place in 2004, in case no. 01-cr-3047-MWB; "2255 Tr." refers to the transcript of the § 2255 hearing; "Order" refers to the district court's October 4, 2013, order denying petitioner's § 2255 petition; and "P" refers to the Petition for Rehearing, and each reference is followed by paragraph or page number, as appropriate.

1

Appellate Case: 14-1329    Page: 5    Date Filed: 06/30/2014 Entry ID: 4170307

denial of a COA itself does not involve a question of exceptional importance.  Thus, the petition is not appropriate for *en banc* review.

## STANDARD FOR A CERTIFICATE OF APPEALABILITY

A COA may issue only upon the "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a "substantial showing," a petitioner must show reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."  *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983) (quotation omitted, superseded by statute).  This is an objective standard.  *Dansby v. Hobbs*, 691 F.3d 934, 937 (8th Cir. 2012).  Petitioner argues it is a "modest standard" (P 2), but that language was footnote dicta quoting footnote dicta.  *See Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002) ("To meet what the Ninth Circuit has referred to as this 'modest standard,' *see Charles v. Hickman*, 228 F.3d 981, 982 n.1 (9th Cir. 2000), the petitioner 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or the questions are adequate to deserve encouragement to proceed further.'").

2

Appellate Case: 14-1329     Page: 6     Date Filed: 06/30/2014 Entry ID: 4170307

## STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's had the burden in his underlying claim before the district court to show his trial counsel were ineffective for failing to argue that a judge's sentencing findings at a drug sentencing collaterally estopped the government from trying him for murder. To meet this burden, petitioner had to show his trial counsel's performance was both "deficient," meaning they "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment' and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

## ARGUMENT

***Rehearing Should Not Be Granted Because the Panel Decision Denying a Certificate of Appealability Does Not Conflict With Other Decisions of this Court and the Denial Does Not Involve a Question of Exceptional Importance; Petitioner Has Not Made a Substantial Showing that Reasonable Jurists Could Debate Whether His Trial Counsel were Constitutionally Ineffective for Failing to Raise a Novel Collateral Estoppel Argument in His Capital Case***

This Court properly denied a COA on petitioner's argument that the government was collaterally estopped from prosecuting him for murdering five people because a sentencing court previously made findings about the duration of a drug conspiracy and his firearm

3

possession.  Petitioner has cited no case holding the government can be collaterally estopped under these circumstances.  Even if it could apply, petitioner could not meet the elements of collateral estoppel in this case.  Regardless, trial counsel could not have been ineffective for failing to raise this novel argument.

## A.    *The Prior Drug Conspiracy Litigation*

Petitioner pled guilty in 1997 to drug charges.  (96DCD 5, 42, 76).  The indictment alleged a conspiracy to manufacture methamphetamine that existed between 1992 and 1996.  (96DCD 5, 42).  At sentencing, the parties litigated whether petitioner's sentence should be enhanced for continuing the conspiracy after he was on pretrial release, and whether he possessed a firearm during the course of the conspiracy.  (96DCD 137-38, 177-82).  During the sentencing hearing, the only evidence the government offered regarding whether petitioner committed the offense while on pretrial release was testimony of Tim Cutkomp, a co-conspirator.  (S. Tr. 1190-92).  The sentencing court cited Cutkomp's "credibility problems" and indicated that it was "not convinced that the government carried its burden of proof that there's any corroborating evidence, and I'm not willing to credit Mr. Cutkomp's testimony on the

4

adjustment." (S. Tr. 1192).[2]  The scope and length of the conspiracy was not an element of any crime the government had to prove at sentencing.

Regarding the firearm adjustment, the government argued that petitioner possessed a firearm in connection with his obstruction of justice.  (S. Tr. 1192-93).  The court found petitioner obstructed the investigation, but specifically held it was not making a factual finding regarding all of the possible grounds for obstruction of justice; rather, the court based the obstruction enhancement solely on petitioner's conduct in arranging for a person to hide evidence after his 1996 arrest.  (S. Tr. 1238-39).  The court declined to find petitioner possessed firearms in furtherance of the drug conspiracy.  (S. Tr. 1244-46).

### B.    The Capital Litigation

In 2001, a grand jury charged petitioner with, among other offenses, committing five murders in 1993 in furtherance of a Continuing Criminal Enterprise ("CCE") that existed between 1992 and 2000.  (01DCD 46).  During the capital trial, the government produced

---

[2] Petitioner's assertion the government thoroughly litigated this issue and presented twenty-five witnesses at the sentencing hearing (P 5) is misleading.  The parties litigated a large number of issues at the sentencing hearing in 1997-1998, but Cutkomp was the sole witness on this issue.

Appellate Case: 14-1329    Page: 9    Date Filed: 06/30/2014 Entry ID: 4170307

evidence that petitioner had his girlfriend, Angela Johnson, apply for a gun permit and purchase a firearm a couple weeks prior to the July 25, 1993, murders of four of the victims.  (T. Tr. 382-86).  Shortly before these murders, petitioner and Johnson hunted for a government witness and found him living with a woman and her two little girls.  (T. Tr. 209-10, 394, 401-05).  Petitioner and Johnson abducted all four and took them to some woods where petitioner shot them and buried them in a shallow grave.  (T. Tr. 1476-92, 1652-58, 1802-14, 1922-24, 1927-28).  Just over three months later, in November 1993, petitioner and Johnson killed another man when they learned he may testify against petitioner.  (T. Tr. 123-25, 251-52, 521-38).  The government proved that, while on pretrial release, petitioner continued his drug manufacturing efforts by, among other things, recovering equipment from Arizona.  (T. Tr. 305, 399, 725-30, 746-48).

The evidence at trial showed petitioner and Johnson murdered the government witness, his girlfriend, and the two little girls to avoid conviction for the pending drug charges, and also to continue his drug operation.  Most of the murder evidence was discovered after

6

Appellate Case: 14-1329   Page: 10   Date Filed: 06/30/2014 Entry ID: 4170307

petitioner's 1998 sentencing hearing.  After he was incarcerated in 1998, petitioner made incriminating statements to other inmates. (T. Tr. 1476-92, 1652-58, 1802-14, 1922-24, 1927-28).  In 2000, Johnson's best friend cooperated for the first time, relating a confession Johnson had made to her.  (T. Tr. 408-12).  Also in 2000, Johnson provided an informant maps to the burial sites, resulting in recovery of the bodies.  (T. Tr. 2321-37, 2380-2513).

### C. A Judge's Sentencing Findings Cannot Collaterally Estop the Government From Prosecuting a Defendant on Different Charges

Petitioner claims his capital trial counsel were ineffective for failing to argue that a sentencing court's findings of fact collaterally estops the government from prosecuting petitioner at a later date on a different crime.  This is not the law.  Petitioner has failed to cite a single case on point.  The district court, likewise, was "unable to find any cases that support the movant's position."  (Order 77).

Petitioner claims "[i]t has been 'an established rule of federal criminal law' for nearly a century that, 'when an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'"  (P

Appellate Case: 14-1329     Page: 11     Date Filed: 06/30/2014 Entry ID: 4170307

3-4, quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)).  The *Ashe* case,

however, did not involve findings of fact by a sentencing judge.  In *Ashe*,

the defendant was acquitted of robbing one of six poker players.  Six

weeks later, the defendant was tried for robbing a different poker player

during the same robbery.  The *Ashe* Court found the second prosecution

was barred by the double jeopardy clause, reasoning that the jury in the

first trial necessarily concluded the defendant did not participate in the

robbery.  *Ashe*, 397 U.S. at 438-40.

Petitioner also cites *United States v. Oppenheimer*, 242 U.S. 85,

(1916), which the *Ashe* Court cited.  (P 4).  *Oppenheimer* did not involve

a sentencing judge's findings either.  Rather, in that case, a court

dismissed a bankruptcy fraud charge on the theory it was outside the

statute of limitations.  When that theory was later rejected by an

appellate court in an unrelated case, the government attempted to

recharge the defendant with the bankruptcy fraud charge.  The Court

concluded that, once the judgment of acquittal was entered, it could not

be reopened.  *Oppenheimer*, 242 U.S. at 85-87.

Petitioner further cites *Nesbitt v. Hopkins*, 86 F.3d 118 (8th Cir.

1996).  (P 9).  It, likewise, has nothing to do with findings by a

8

Appellate Case: 14-1329    Page: 12    Date Filed: 06/30/2014 Entry ID: 4170307

sentencing judge collaterally estopping a criminal prosecution. Indeed, in *Nesbitt*, this Court rejected the defendant's collateral estoppel argument wherein he asserted that the jury's acquittal of him on one count necessarily decided a fact that precluded his conviction on a different count in the same indictment. *Nesbitt*, 86 F.3d at 119-21.

The "underlying goal" of collateral estoppel "is to promote judicial economy and finality in litigation." *Liberty Mut. Ins. Co. v. FAG Bearings Corp.*, 335 F.3d 752, 758 (8th Cir. 2003). Accordingly, application of the doctrine of collateral estoppel in criminal cases is disfavored. *See Pinkney v. Keane*, 920 F.2d 1090, 1096-97 (2d Cir. 1990) (observing that the doctrine of collateral estoppel is less likely to be applied in criminal cases where the primary concern is to reach a correct result and where other considerations peculiar to the criminal process may outweigh the needs of judicial economy). *See also Standefer v. United States*, 447 U.S. 10, 25 (1980) (in rejecting a claim of collateral estoppel against the government in a criminal case, the Court noted that "[t]he public interest in the accuracy and justice of criminal results in greater than the concern for judicial economy") (quotation omitted). This Court has ever only applied collateral

9

estoppel in criminal cases against criminal defendants.  *United States v. McManaman*, 673 F.3d 841, 847 (8th Cir. 2012).

The few times courts have addressed collateral estoppel claims in the context of a judge's sentencing findings, they have rejected them.  In *United States v. U.S. Currency in the Amount of $119,984.00*, 304 F.3d 165, 171 (2d Cir. 2002), the court noted it was presented with an issue "rarely considered by this or any other Circuit: the applicability of collateral estoppel based upon earlier sentencing findings."  There, the defendant attempted to use collateral estoppel against the government in its forfeiture action, asserting that in its prior criminal prosecution of him, the sentencing court necessarily found the funds involved in his money laundering crime did not come from an illegal source.  *Id.*  The Second Circuit adopted a "strong presumption against application of collateral estoppel based upon sentencing findings."  *Id.* at 173.  That is because it found "application of collateral estoppel based upon prior sentencing findings implicates serious concerns of fairness while appearing to offer little benefits in terms of increased efficiency."  *Id.* at 172.  *See also United States v. Real Property*, no. 04-cv-5885, 2009 WL 806120, at *2 (N.D. Ill., Mar. 25, 2009) (unpublished) (applying a

10

presumption that collateral estoppel based on findings of a sentencing court was improper).

Even if collateral estoppel could apply to a judge's factual findings at a sentencing hearing, petitioner could not meet the elements of collateral estoppel in this case. Generally, this Court requires the party asserting collateral estoppel to establish four prerequisites: 1) the issue concluded must be identical; 2) the issue must have been raised and litigated in the prior action; 3) the issue must have been material and relevant to the disposition of the prior action; and 4) the determination made of the issue in the prior action must have been necessary and essential to the resulting judgment. *See Teleconnect Co. v. Ensrud*, 55 F.3d 357, 361 (8th Cir. 1995) (setting forth the factors). This Court has also required a showing that the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Allstate Ins. Co. v. Blount*, 491 F.3d 903, 909 (8th Cir. 2007).

In this case, the issues at the first sentencing hearing were not identical to those at issue in the capital trial. As the district court found, "the dimensions of the issues addressed during a criminal trial and during a sentencing hearing are fundamentally different" as a

11

Appellate Case: 14-1329    Page: 15    Date Filed: 06/30/2014 Entry ID: 4170307

general matter.  (Order 75).  At the sentencing hearing in 1998, one issue was whether petitioner continued the drug conspiracy while on pretrial release.  This focused on whether petitioner committed an act while on pretrial release in furtherance of his drug operations.  At trial, in contrast, the issue was whether petitioner murdered five people in furtherance of a CCE.  Further, in the first sentencing hearing, it was not necessary or essential for the sentencing court to decide the duration of the conspiracy or whether petitioner murdered anyone with a firearm while on pretrial release to resolve the sentencing issues.  In denying petitioner § 2255 relief, therefore, the district court found there was "not a substantial overlap between the evidence and the argument that the parties advanced in the sentencing hearing and the trial." (Order 76).

Finally, the government did not, in the context of a sentencing hearing on drug conspiracy charges, have a full, fair, and complete opportunity to litigate whether petitioner murdered five people in furtherance of a CCE.  The government's interest in pursuing the sentencing enhancements was not the same as proving petitioner murdered five people.  Moreover, the government was still investigating

12

Appellate Case: 14-1329    Page: 16    Date Filed: 06/30/2014 Entry ID: 4170307

the murders at the time of petitioner's 1997-98 sentencing hearing. (Order 77). Critical evidence, including the bodies, was uncovered as part of that ongoing investigation after the 1998 sentencing hearing. Because any collateral estoppel is without merit, trail counsel did not perform deficiently, *Strickland* is not met, and the Panel was correct to deny the COA.

Petitioner argues the district court erred because it relied on case law predating the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Ring v. Arizona*, 536 U.S. 584 (2002), suggesting these cases eliminated the distinction between sentencing enhancements and other evidence. (P 12-13). These cases have no application to this case. These cases equate certain factual findings with elements when the effect is to increase the statutory maximum sentence, requiring the government to allege those facts in the indictment and a jury to find them beyond a reasonable doubt. The sentencing issues before the district court in 1997-98 did not have the effect of increasing the statutory maximum sentence.

It would be improper, fundamentally unfair, and a miscarriage of justice for a judge's findings at a sentencing hearing on drug charges to

13

bar prosecution of petitioner for murdering five people, the investigation of which was ongoing at the time of the sentencing hearing.  *Cf. United States v. Cole*, 293 F.3d 153, 162 (4th Cir. 2002) ("The Double Jeopardy Clause may not 'be employed to force the Government's hand' by requiring it to prosecute [defendant] for either the earlier conspiracy or the later CCE, but not both.").  Indeed, the district court found that applying collateral estoppel in this case would result "in the manifestly inequitable administration of the law."  (Order 79).  Accordingly, the court properly found petitioner could not show he was prejudiced when his trial counsel did not allege collateral estoppel, and properly denied a COA.

### D.   Trial Counsel Were Not Ineffective For Failing to Raise a Novel Collateral Estoppel Argument

Regardless, even if petitioner is correct on this novel theory of applying collateral estoppel to a judge's sentencing findings, trial counsel cannot be found to have performed below a reasonable standard of competence for failing to advance a theory a court had never credited. There was no case law extant when this case was tried in 2004 holding that a judge's sentencing findings collaterally estops a criminal

14

Appellate Case: 14-1329     Page: 18     Date Filed: 06/30/2014 Entry ID: 4170307

prosecution on different charges.  Indeed, trial counsel testified they were unaware of any such case.  (2255 Tr. 37, 256).

Trial counsel researched double jeopardy issues and challenged the prosecution on double jeopardy grounds.  (Order 66).  That they failed to raise the novel, and unsupported, argument petitioner now floats does not mean trial counsels' performance was deficient.  *See Ragland v. United States*, --- F.3d ----, 2014 WL 2808130, at *3 (8th Cir. Jun 23, 2014) (holding counsel was not ineffective for failing to raise a novel argument).

Accordingly, even if collateral estoppel was a viable claim, counsel did not perform in a Constitutionally deficient manner when they failed to raise the novel argument.

## CONCLUSION

For the above reasons, reasonable jurists cannot debate whether petitioner's claim shows his constitutional rights were violated, or that the issue deserves encouragement to proceed further.  This Court, therefore, properly denied a COA and, because petitioner has not satisfied the Rule 35(a) standard, this Court should deny his petition for rehearing.

15

Respectfully submitted,

KEVIN W. TECHAU
United States Attorney

By, s/ C.J. WILLIAMS

C.J. WILLIAMS
Assistant United States Attorney
111 7th Avenue SE, Box 1
Cedar Rapids, IA 52401-2101
(319) 363-6333
(319) 363-1990 (Fax)
cj.williams@usdoj.gov

16

# CERTIFICATE OF FILING AND SERVICE

I certify that on June 30, 2014, I, Sali Van Weelden, Legal Assistant for the Attorney for Appellee, the United States of America, electronically filed the foregoing response with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system.

KEVIN W. TECHAU
United States Attorney

BY: s/ S. Van Weelden

Copies to:
Shawn Nolan
Aren Adjoian
Timothy Kane
Assistant Federal Defenders
For Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106

Appellate Case: 14-1329    Page: 21    Date Filed: 06/30/2014 Entry ID: 4170307