# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

## Case No. 14-1329

_____

## DUSTIN LEE HONKEN,

### Appellant,

### v.

## UNITED STATES OF AMERICA,

### Appellee.

_____

## REPLY BRIEF IN SUPPORT OF
## PETITION FOR PANEL REHEARING
## AND FOR REHEARING EN BANC

_____

## CAPITAL § 2255 PROCEEDINGS
### (District Court Case No. CV-10-3074-LRR)

Shawn Nolan
Chief, Capital Habeas Unit
Aren Adjoian
Timothy Kane
Assistant Federal Defenders
Federal Community Defender Office
  for Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

July 3, 2014

Appellant, Dustin Lee Honken respectfully submits this reply in support of his *Petition for Panel Rehearing and for Rehearing En Banc* ("*Rehearing Petition*").[1]

**DISCUSSION**

On June 30, 2014, the Government submitted its *Response* to the *Rehearing Petition*. The *Response* distorts several of the key issues under this Court's consideration. Accordingly, Appellant replies as follows:

1.     The *Response* repeatedly mischaracterizes Appellant's claim as asserting that the District Court's prior findings "collaterally estopped the government from trying him for murder." *Resp*. 3; *see also id*. at 3, 12. Appellant has raised no such argument. Appellant's five convictions for murder under 18 U.S.C. § 1512 are not implicated by this claim. *See* N.D. Iowa Case No. 01-CR-3047-MWB, Doc. No. 46 (Counts 1 to 5). Rather, Appellant invokes collateral estoppel *only* as to those counts that specifically alleged that the murders in July and November 1993 occurred "while" the drug conspiracy/CCE was ongoing. *See id*. (Counts 8-17); *see also Rehr'g Pet*. at 7-8 & n.2. As the District Court had previously found that the drug conspiracy did *not* continue after March 1993, this specific allegation was precluded by collateral estoppel. *See Rehr'g Pet*. at 4-10.

---

[1] This *Reply Brief* utilizes the same conventions and styles as the *Rehearing Petition*. *See Rehr'g Pet.* at i.

1

Appellate Case: 14-1329     Page: 2     Date Filed: 07/03/2014 Entry ID: 4171871

2.      The Government builds on its micharacterization of the claim to argue that it presented more evidence in the murder trial than it had presented during the prior sentencing proceedings.  *See Resp.* at 5-7, 12.  The Government then reasons that the "issues" litigated in the two proceedings were not identical, and that estoppel is therefore inappropriate.  *See id.* at 11-12.  But the only issue relevant here is whether the conspiracy/CCE was continuing at the time of the murders.  This precise issue was litigated twice.  It is of no import that additional allegations were, by necessity, litigated in the murder trial or that additional evidence was presented in support of those allegations.

3.      The *Response* asserts that "[t]he few times courts have addressed collateral estoppel claims in the context of a judge's sentencing findings, they have rejected them."  *Resp.* at 10.  This is of no moment, as claims of this type necessarily involve highly fact-specific determinations.  As the cited cases themselves reflect, no court has found such claims per se non-cognizable.  *See id.*  Indeed, under double jeopardy law, "what constitutes an 'acquittal' is not to be controlled by the form of the judge's action."  *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571 (1977) (citations omitted).  Instead, a court "must determine whether the ruling of the judge, *whatever its label*, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged."  *Id*. (emphasis added).  The

2

Government's attempt to carve out an exception to *Ashe* should be rejected and, in any event, demonstrates that the issue is debatable.[2]

4. The Government argues that trial counsel was under no duty to raise a collateral estoppel objection because such a claim is "novel" and "unsupported." *Resp.* at 15. In fact, at least one Court of Appeals has found counsel deficient in similar circumstances. In *Rice v. Marshall*, 816 F.2d 1126 (6th Cir. 1987), the Sixth Circuit found counsel ineffective for failing to raise a collateral estoppel objection. There, the defendant was first tried on charges of rape, kidnaping, and possessing a weapon, all arising from the same incident. 816 F.2d at 1127-28. The jury found him not guilty of the weapon charge, but hung on the other two counts. *Id*. At retrial on

---

[2] Indeed, there are numerous examples where courts have applied *Ashe* in unique factual circumstances. *E.g.*, *United States v. Carbullido*, 307 F.3d 957 (9th Cir. 2002) (applying *Ashe* and ruling that prior finding that defendant was legally insane at the time of the charged offense precluded a second prosecution for another offense in the same time period); *United States v. Gonzalez-Sanchez*, 825 F.2d 527 (1st Cir. 1987) (applying *Ashe* to find that prior acquittal on conspiracy charge precluded the Government from presenting other evidence, in subsequent prosecution, of defendant's involvement in same scheme); *Humphries v. Wainwright*, 584 F.2d 702 (5th Cir. 1978) (applying *Ashe* and according preclusive effect to the Government's decision, in an earlier prosecution, to *nolle prosse* the case after the Government had rested); *Delap v. Dugger*, 890 F.2d 285 (11th Cir. 1989) (applying *Ashe* and according preclusive effect to jury's prior acquittal where Government sought to prove overlapping facts to establish an aggravating factor in capital trial); *United States v. Brown*, 547 F.2d 438 (8th Cir. 1977) (vacating conviction where prior acquittal necessarily implied factual finding which contradicted factual finding on which the subsequent conviction depended).

Appellate Case: 14-1329    Page: 4    Date Filed: 07/03/2014 Entry ID: 4171871

the remaining two charges, the evidence of the rape included the victim's testimony,

where she discussed the gun with which the defendant allegedly threatened her. *Id.*

Defense counsel did not object to the testimony or to the prosecutor's references to

the gun during closing argument. *Id.* The court granted relief and explained:

> The present case differs factually from *Ashe v. Swenson*. . . . No doubt this is what threw counsel off. . . . Nevertheless, he failed to appreciate the fact that Rice's acquittal of the weapon charge constituted a finding that he did not have a gun and precluded the introduction of contrary evidence at the subsequent trial. . . .
>
> [Trial counsel's] failure to seek exclusion of that evidence cannot be attributed to trial tactics. His strategy of seeking to question the complaining witness's credibility would not have ruled out an effort to exclude the evidence of a gun. The two objectives would not have been inconsistent.
>
> Having concluded that counsel's representation was deficient, the further conclusion that Rice was prejudiced is inescapable.

*Id*. at 1131-32. The exact same considerations are present here, and *Rice*

demonstrates, at a minimum, that this claim is debatable among jurists of reason.

Furthermore, counsel's unrebutted testimony makes their deficient performance

clear. In response to the Government's questioning, counsel testified as follows:

> Q. Are you aware today of any case that holds that a finding by a judge in a sentencing hearing can collaterally estop the government from bringing charges in a later prosecution or that it can be collaterally estopped from arguing a position in a later prosecution? Are you aware of any case that would support the proposition proposed by the defense in Claim 2?

4

> A. To me, I don't know that the fact that it happens at a sentencing as opposed to some other stage of the proceedings has anything to do with whether or not it's a collateral estoppel. I think for collateral estoppel, you need a factual determination with either the same or a lesser burden of proof, you need identity of parties, you need identity of issues, and then that's what I think the elements of collateral estoppel are. . .

*See* 2255 Tr. at 256-57 (Rogers). Counsel further explained that their omission of a collateral estoppel objection was an oversight, and not the result of any strategy. *Id.* at 19-21 (Parrish); *id*. at 236-38 (Rogers); *id*. at 528-29 (Spies). In light of counsel's clear duty to raise meritorious objections, their oversight in this case was deficient performance. *Accord Rice*, 816 F.2d at 1131-32. At a minimum, this issue is debatable among jurists of reason.

WHEREFORE, Appellant respectfully requests that the Court grant rehearing and issue a Certificate of Appealability.

Respectfully Submitted,

/s/ Shawn Nolan
Shawn Nolan
Aren Adjoian
Timothy Kane
Federal Community Defender Office
for Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

Dated:     July 3, 2014

5

Appellate Case: 14-1329     Page: 6     Date Filed: 07/03/2014 Entry ID: 4171871

# Certificate of Service

I, Shawn Nolan, hereby certify that on this 3rd day of July, 2014, I filed the foregoing *Reply Brief in Support of Petition for Panel Rehearing and for Rehearing En Banc* with service via electronic delivery to:

C.J. Williams
Assistant United States Attorney
United States Attorney's Office
Northern District of Iowa
111 7th Avenue SE, Box 1
Cedar Rapids, IA 52401-2101
cj.williams@usdoj.gov


/s/ Shawn Nolan
Shawn Nolan